UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALI BERENJIAN,<br>        *Plaintiff,*<br><br>v.<br><br>ANTONY J. BLINKEN, et al.,<br>        *Defendants.* | No. 1:24-cv-00663-MSN-IDD |

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on Defendants' Motion to Dismiss for Lack of Jurisdiction, or, in the alternative, Motion for Summary Judgment (ECF 6, ECF 7), and memorandum in support of those motions (ECF 8). Finding that this Court lacks subject matter jurisdiction, the Court will grant Defendants' motion to dismiss and deny the motion for summary judgment as moot.

**I.     INTRODUCTION**

    **A.     Factual Background**[1]

Plaintiff Ali Berenjian is a United States citizen. ECF 1 ("Pet.") 4. His fiancée, Haleah Ghavvas Ohadi, and her daughter Parna Pourkashani are citizens of Iran. *Id.*; ECF 8 ("MTD") at 5. Plaintiff filed a Form I-129F petition on behalf of Ohadi and Pourkashani ("the applicants") on November 22, 2021, the first step in initiating the application process for the applicants' K-1 (foreign-citizen fiancée) and K-2 (foreign-citizen fiancée minor child) visas. *Id.* USCIS approved that petition on February 23, 2023, which allowed the applicants to schedule a consular interview

---

[1] The facts recounted herein incorporate Plaintiff's Complaint and Defendant's undisputed facts referenced in its Motion for Summary Judgment.

and apply for visas. *Id.* The applicants arrived at their scheduled consular interview in Ankara, Turkey, on August 24, 2023, and submitted their K-1 and K-2 visa applications. *Id.* That same day, the consular officer in Ankara refused both applications under 8 U.S.C. § 1201(g) and requested that Ohadi provide additional security screening information. *Id.* The State Department received Ohadi's additional security screening information on September 19, 2023, and initiated its additional screening six days later. *Id.* at 6. As of June 24, 2024, the applicants' visa applications were still rejected pending the State Department's screening. *Id.*

This delay in the resolution of the applicants' visa applications has caused Plaintiff significant distress, anxiety, and concern for his and his family's wellbeing. Pet. 4. It also has prevented him from having familial support while he recovers from a planned surgery. *Id.*

### B. Procedural Background

Plaintiff filed a petition for a writ of mandamus on April 23, 2024, invoking this Court's federal question jurisdiction under the Immigration and Nationality Act, Administrative Procedure Act, Mandamus Act, and Declaratory Judgment Act. Pet. 3 (citing 8 U.S.C. § 1184(d); 5 U.S.C. § 706, 28 U.S.C. §§ 1361, 2201, 2202). Plaintiff seeks relief to include: (1) a mandate that the government complete administrative processing of the visas within 60 days; (2) a mandate that the government provide the applicants with greater transparency and communication regarding their visas; (3) declaratory relief holding that the applicants are entitled to have their visas adjudicated on a "reasonable timeframe;" and (4) a mandate requiring the government to provide additional documents, including interview notes, to the applicants.

The United States filed its Motion to Dismiss, or, in the alternative, for Summary Judgment on June 24, 2024, included a notice to Plaintiff that he had 21 days to respond. ECF 6; ECF 7.

Plaintiff did not respond to the government's motion, which is now ripe for the Court's consideration.

## II.     STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(1), a party may move to dismiss a complaint on the ground that a court lacks subject matter jurisdiction. A motion under 12(b)(1) may argue either "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based," or that "the jurisdictional allegations of the complaint were not true." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Plaintiffs bear the burden of establishing a jurisdictional basis for their claims, and absent a showing of facts establishing this basis by a preponderance of the evidence, the case must be dismissed. *Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009).

## III.    ANALYSIS

### A.     Article III Standing

#### 1. Plaintiff has standing to challenge the delay in processing the visa applications

The government first argues that Plaintiff lacks Article III standing to bring a claim based on harms arising from the government's delay in processing Ohadi's visa, a delay which has prevented him from being united with his family. This argument fails, and runs contrary to binding Supreme Court precedent.

To show standing, a Plaintiff must demonstrate a (1) injury in fact that is (2) fairly traceable to Defendants' conduct, and is (3) likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The government argues that "because the sole basis of [Plaintiff's] purported injury is the putative rights of third parties," Plaintiff must establish third-party standing, which he cannot do. MTD 7-9. This argument muddles the applicable

3

doctrine and ignores Supreme Court authority that is directly on point. To begin with, the government cites no authority for the proposition that Plaintiff "must demonstrate "a constitutional right to live with his . . . spouse" to show he has standing. MTD 7. Instead, it points to the Supreme Court's decision in *Department of State v. Muñoz*, 144 S. Ct. 1812 (2024), which held that there is no such right under the Constitution. But the fact that the Court reached a decision on the merits in *Muñoz* undermines the government's standing argument. If Muñoz (or the Plaintiff here) lacked an injury, the Court would have been required to dismiss the case on jurisdictional grounds.

To the contrary, a United States citizen's "interest in being united with his relatives is sufficiently concrete and particularized to form the basis of an Article III injury in fact." *Trump v. Hawaii*, 585 U.S. 667, 698 (2018). Applying that precedent to a similar case, a fellow district court recently held that a United States citizen "satisfactorily alleged that he suffered a concrete injury from the denial of [his spouse's] K-1 visa applications." *Pietersen v. United States Dep't of State*, 2024 WL 1239706, at *4 (D.D.C. March 21, 2024). This Court agrees and finds that Plaintiff has adequately alleged an injury in fact arising from the government's refusal of his family's visa applications and delay in processing their supplemental information.

The government does not address the causation and redressability prongs of the standing inquiry, but those too are easily met. No one disputes that any delay in considering the applicants' eligibility is causally responsible for their separation from him. And a court order requiring the expeditious processing of the applicants' supplemental information is likely to redress his injuries. Plaintiff thus has standing to bring his delay-based claims.

### 2. Plaintiff lacks standing to seek information regarding the applicants' applications

Plaintiff has not, however, demonstrated an injury in fact with respect to his claims seeking "transparency" and additional documentation from the government regarding its process with

4

respect to the applicants' visas. "A plaintiff suffers sufficiently concrete and particularized informational injury where the plaintiff alleges that: (1) it has been deprived of information that, on its interpretation, a statute requires the government or a third party to disclose to it, and (2) it suffers, by being denied access to that information, the type of harm Congress sought to prevent by requiring disclosure." *Friends of Animals v. Jewell*, 828 F.3d 989, 992 (D.C. Cir. 2016). Here, nothing in Plaintiff's Complaint alleges that the government is required by statute or regulation to disclose additional information, so he has not suffered an injury in fact, and this Court lacks jurisdiction to address those claims.

### B. Subject matter jurisdiction under the APA and Mandamus Act

The Government also argues that this Court lacks subject matter jurisdiction because, under the APA, "a court can only compel agency action that has been 'unlawfully withheld or unreasonably delayed' where a plaintiff asserts 'that an agency failed to take a *discrete* agency action that it is *required to take*.'" MTD 10 (quoting *Gonzalez v. Cuccinelli*, 985 F.3d 357, 365-366 (4th Cir. 2021)). Under the process at issue here, "the consular officer *must* either issue or refuse the visa" "[a]t the conclusion of the [K1/K2] applicant's interview." MTD 3 (citing 22 C.F.R. § 42.81(a)) (emphasis added). If the visa is refused the government "shall reconsider" its refusal if "the applicant within one year of the date of refusal adduces further evidence tending to overcome the ground of ineligibility on which the refusal was based," 22 C.F.R. § 42.81(e). However, that duty to reconsider does not require the government to take a discrete further action with respect to the status of an application—that is, the regulatory regime does not require the government to issue a *further* notice of refusal if it does not find "further evidence tending to overcome" the applicant's ineligibility.

Here, the government has met its burden of showing this court lacks subject matter jurisdiction because Plaintiff has not identified a discrete agency action the government must take.

5

Taking the Complaint at face value, Defendants have delayed a required action by allowing 243 days to pass from the consular interview "without any decision." Pet. 4. However, in the context of a 12(b)(1) motion, Plaintiff must establish the basis for this Court's jurisdiction by a preponderance of the evidence. *Vuyyuru*, 555 F.3d at 347. The government has introduced unrebutted evidence in the form of a declaration showing that Applicants' visas were both *refused* by a consular officer on August 24, 2023, the same day that they applied and interviewed for their visas. MTD Ex. 1 ¶ 7. This refusal at the time of the applicant's interview discharges the government's obligations with respect to the application. *See Ameen v. United States Dep't of State*, 2024 WL 3416264, at *3 (E.D. Va. July 15, 2024).

Furthermore, Plaintiff cannot show that any delay in considering the applicant's supplemental information—after it refused their applications—is a delay of a discrete agency action the government is *required* to take. While the government "shall reconsider" its refusal if "the applicant within one year of the date of refusal adduces further evidence tending to overcome the ground of ineligibility on which the refusal was based," 22 C.F.R. § 42.81(e), Plaintiff has not alleged that the additional security information Ohadi provided "tend[s] to overcome the ground of ineligibility," and Section 42.81(e). Moreover "an initial refusal followed by further inquiry" at the discretion of the government "is consistent with visa statutes and regulations." *Ameen*, 2024 WL 3416264, at *3. For these reasons, Plaintiff has not shown that this Court has jurisdiction over his claim under the APA.

The same conclusion is warranted with respect to Plaintiff's claim for mandamus. A plaintiff seeking mandamus relief must show "that the responding party has a '*clear duty* to do the specific act requested.'" *Cumberland County Hosp. Sys., Inc. v. Burwell*, 816 F.3d 48, 52 (4th Cir. 2016) (quoting *United State ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 502, 511 (4th Cir.

6

1999)) (emphasis added). That threshold requirement is jurisdictional. *American Hosp. Assoc. v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016). As just described, the government does not have a "clear duty" to take any particular action after it has timely refused a visa, so there is no jurisdiction over Plaintiff's claim for mandamus.[2]

Finding that the preponderance of the evidence shows that the government has not delayed any *required* agency action, this Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims regarding the government's delay in considering the applicants' supplemental disclosures.

### IV.   CONCLUSION

Because plaintiff lacks standing to bring his informational claims, and this Court lacks subject matter jurisdiction to consider his delay-based claims, it is hereby

**ORDERED** the government's Motion to Dismiss (ECF 6) is hereby **GRANTED**; and it is further

**ORDERED** that this case is dismissed with prejudice for lack of subject matter jurisdiction; and it is further

**ORDERED** that Defendant's Motion for Summary Judgment (ECF 7) is **DENIED** as moot.

The Clerk is directed to enter judgment in favor of the United States of America pursuant to Fed. R. Civ. P. 58 and to close this civil action.

The Clerk is hereby directed to mail a copy of this Order to Plaintiff forthwith.

**SO ORDERED.**

---

[2] Plaintiff's references to the Declaratory Judgment Act does not get him any further. Under that law, this Court has subject matter jurisdiction only where "there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Because the Court finds that Plaintiff has not adequately alleged the government to have violated any duty, there is no such "substantial controversy" of sufficient "reality to warrant the issuance of a declaratory judgment." *Id.*

/s/ Michael S. Nachmanoff<br>
Michael S. Nachmanoff<br>
United States District Judge

August, 7, 2024
Alexandria, Virginia